1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                         **DISTRICT OF NEVADA**

10

11   ERNEST JORD GUARDADO,          )
12                  Petitioner,      )        3:10-cv-00079-RCJ-VPC
                                     )
13   vs.                            )
14                                   )        **ORDER**
     E.K. McDANIEL, *et al.,*        )
15                  Respondents.     )
16   _____/

17          This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a

18   state prisoner, is proceeding *pro se*.  Before the court is respondents' motion to dismiss.  (ECF No. 15.)

19   Petitioner has opposed the motion (ECF No. 23), and respondents have replied (ECF No. 24).

20   **I.       Procedural History and Background**

21          On February 11, 2004, the State of Nevada filed an indictment in the Second Judicial District

22   Court for the State of the Nevada charging petitioner, Ernest Jord Guardado, and his brother, Manuel

23   Steven Guardado, with two counts of burglary; one count of possession of implements or tools adapted,

24   designed or commonly used for commission or burglary; one count of first-degree arson; one count of

25   conspiracy to commit first-degree arson; and three counts of possession of stolen property.   (Exhibits

26   to Mot. to Dismiss Ex. 3, ECF No. 16.)  At an entry of plea held on April 9, 2004, petitioner entered a

1  plea of not guilty to all charges.  (*Id*. Ex. 10.)  On May 19, 2004, the State filed a notice of intent to have

2  petitioner adjudicated a habitual criminal.  (*Id*. Ex. 13.)  At a hearing held September 1, 2004, the court

3  denied petitioner's motion to sever his trial from his brother's trial and confirmed the September 20,

4  2004 trial date.  (*Id*. Ex. 19.)

5        Before trial, on September 15, 2004, petitioner appeared before the court and entered a plea of

6  guilty to several charges pursuant to a plea agreement with the State.  (*Id*. Ex. 21.)  Under the agreement,

7  petitioner agreed to plead guilty to two counts of burglary, one count of first-degree arson, and three

8  counts of possession of stolen property.  (*Id*. Ex. 22.)  In exchange for petitioner's plea, the State agreed

9  to dismiss the charges for possession of implements or tools adapted, designed or commonly used for

10  commission or burglary and the charge for conspiracy to commit first-degree arson.  (*Id*.)  Additionally,

11  the State agreed not to seek petitioner's adjudication as a habitual criminal.  (*Id*.)  On November 5, 2004,

12  petitioner appeared before the court for sentencing.  (*Id*. Ex. 24.)  At the hearing, petitioner moved to

13  withdraw his guilty pleas based on his belief that the guilty plea agreement allowed him to withdraw his

14  plea at any time.  (*Id*.)  The court denied petitioner's motion and proceeded with sentencing.  (*Id*.)  The

15  court sentenced petitioner to consecutive terms of 48 to 120 months for each of the two burglary charges,

16  a consecutive term of 72 to 180 months for the arson charge, and consecutive terms of 24 to 60 months

17  for each of the three possession of stolen property charges.  (*Id*. Ex. 24, Ex. 25.)  The court also ordered

18  petitioner to pay restitution in the amount of $172,416.70.  (*Id*.)  The judgment of conviction issued

19  November 5, 2005.  (*Id*. Ex. 25.)

20        Petitioner appealed his conviction to the Nevada Supreme Court.  On appeal, in his fast track

21  statement, petitioner argued that the district court committed error when it denied his pre-sentence

22  motion to withdraw his guilty pleas.  (*Id*. Ex. 31.)  On June 2, 2005, the Nevada Supreme Court affirmed

23  petitioner's conviction.  (*Id*. Ex. 25.)  Remittitur issued on June 29, 2005.  (*Id*. Ex. 36.)

24        On July 25, 2005, petitioner, appearing *pro se*, filed a post-conviction petition in state court.  (*Id*.

25  Ex. 37, ECF No. 17.)  On September 27, 2005, the court appointed counsel to assist petitioner.  (*Id*. Ex.

26  40.)  Subsequently, petitioner filed a supplemental and second supplemental petition for relief.  (*Id*. Ex.

2

43, 53.) After holding an evidentiary hearing, the district court denied the petition on October 8, 2008. (*Id*. Ex. 75.)   Petitioner appealed the denial to the Nevada Supreme Court. (*Id*. Ex. 80, ECF No. 18.) Petitioner filed his fast track statement on December 4, 2008. (*Id*. Ex. 92.)   On February 3, 2010, the Nevada Supreme Court affirmed the district court's decision. (*Id*. Ex. 97.)   Remittur issued on March 3, 2010.   (*Id*. Ex. 100.)

Petitioner dispatched his federal petition for writ of habeas corpus to this court on February 5, 2010. (ECF No. 7.)   Respondents argue that the petition should be dismissed because petitioner failed to exhaust his claims in the Nevada Supreme Court.[1]

**II.    Discussion**

**A.    Exhaustion Standard**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).   A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition.  *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995).   A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings.  *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971).   The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.  *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).   To achieve

---

[1] Petitioner contends that respondents' motion to dismiss is not properly before the court because respondents were required to seek leave before filing a motion to dismiss.  Petitioner is incorrect.  This court authorized respondents to file an answer or "other response" to the petition.  (ECF No. 12.)  In the Ninth Circuit, the filing of a motion to dismiss is expressly authorized by Habeas Rule 4.  Habeas Rule 4 Advisory Committee Notes, 1976 Adoption and 2004 Amendments; *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989).

1    exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the

2    United States Constitution" and given the opportunity to correct alleged violations of the prisoner's

3    federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106

4    (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to

5    potential litigants: before you bring any claims to federal court, be sure that you first have taken each

6    one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S.

7    509, 520 (1982)).  "[G]eneral appeals to broad constitutional principles, such as due process, equal

8    protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195

9    F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).  However, citation to state caselaw that applies

10   federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003)

11   (en banc).

12          A claim is not exhausted unless the petitioner has presented to the state court the same operative

13   facts and legal theory upon which his federal habeas claim is based.  *Bland v. California Dept. Of*

14   *Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994).  The exhaustion requirement is not met when the

15   petitioner presents to the federal court facts or evidence which place the claim in a significantly different

16   posture than it was in the state courts, or where different facts are presented at the federal level to

17   support the same theory.  *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v.*

18   *Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

19          **B. Petition in the Instant Case**

20               1.  Exhaustion Though Documents Attached to Appellate Brief

21          Petitioner argues that all grounds in his petition are exhausted because his original petition,

22   supplemental petition, and second supplemental petition filed in the state district court were presented

23   to the Nevada Supreme Court when he appealed the district court's denial of post-conviction relief.

24   According to petitioner, because he attached his petition, supplemental petitions, and the district court's

25   decision to his fast track statement, and the Nevada Supreme Court must have read all of these

26   documents in order to conduct appellate review, he fairly presented all grounds to the Nevada Supreme

1    Court.  Petitioner's argument fails for several reasons.

2          To exhaust a claim, a petitioner must have presented his federal, constitutional issue before the

3    highest available state court  "within the four corners of his appellate briefing."  *Castillo v. McFadden*,

4    399 F.3d 993, 1000 (9th Cir. 2005).  The state's highest court is "not required to comb the trial court's

5    decision to discover [a] federal constitutional issue . . . ,"  nor is it "required to review the parties' trial

6    court pleadings to see if it [can] discover for itself a federal, constitutional issue."  *Id*.

7          In this case, petitioner only presented selected arguments in his fast track statement.  Thus, only

8    those issues "within the four corners" of his appellate briefing – the fast track statement – were presented

9    to the Nevada Supreme Court.  Additionally, even if petitioner had sought to incorporate by reference

10   the arguments contained in his petition, supplemental petition, and second supplemental petition, such

11   a practice is foreclosed by the Nevada Rules of Appellate Procedure.  Under Nevada state practice,

12   petitioner could not incorporate claims from materials in the appendix into the fast track statement even

13   if counsel had attempted to do so, which she did not.  Under Rule 28(e)(2) of the Nevada Rules of

14   Appellate Procedure, parties may not incorporate briefs or memoranda filed in the state district court for

15   argument on the merits of an appeal.  Accordingly, in order to determine whether petitioner exhausted

16   his claims, the court looks to the issues presented to the Nevada Supreme Court in the fast track

17   statement presented on appeal from the denial of post-conviction relief and the fast track statement

18   presented on direct appeal from petitioner's judgment of conviction.

19              2. Ground 1(A)

20         In ground 1(A), petitioner argues that the state trial court violated his rights under the Fourth,

21   Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution when it denied his

22   motion to withdraw his guilty pleas.  Respondents argue that ground 1(A) is unexhausted because

23   petitioner relied only on state law when he challenged the trial court's denial on appeal.  Respondents

24   are correct.

25         Petitioner's fast track statement on direct appeal relies on a Nevada statute and Nevada caselaw

26   in arguing to the Nevada Supreme Court that the trial court erred in denying his motion to withdraw his

5

guilty pleas.  (Exhibits to Mot. to Dismiss Ex. 31.)  None of the authority relied on by petitioner discusses or applies federal constitutional principles.  Additionally, petitioner did not raise this ground in his appeal from the trial court's denial of post-conviction relief.  Thus, he did not fairly present the federal constitutional claim in ground 1(A) to the Nevada Supreme Court.  Ground 1(A) is unexhausted.

### 3. Grounds 1(B), 1(C), and 1(D)

In grounds 1(B), 1(C), and 1(D), petitioner argues that the state trial court violated his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution when it: (1) failed to canvass him and/or inform him that he could not withdraw his guilty pleas; (2) failed to review the entire record prior to denying his motion to withdraw his guilty pleas; and (3) failed to conduct a hearing on his letters sent to the court claiming that any guilty plea he entered would be the product of duress and coercion prior to accepting his guilty pleas.  Respondents contend that these grounds are unexhausted because petitioner failed to present the factual bases of these grounds either on direct appeal or on appeal from the denial of post-conviction relief.

In his fast track statement presented to the Nevada Supreme Court on appeal from the denial of post-conviction relief, petitioner argued that his guilty pleas were not voluntary, knowing, or intelligent. (Exhibits to Mot. to Dismiss Ex. 92 at 15-20.)  However, the factual support for this argument centered on allegations that the State coerced his pleas by threatening to prosecute his ex-wife if he did not plead guilty.  (*Id*.)  Petitioner did not present any of the factual allegations to the Nevada Supreme Court contained in grounds 1(B), 1(C), and 1(D) when he challenged the entry of his guilty pleas.  Therefore, grounds 1(B), 1(C), and 1(D) are unexhausted.

### 4. Ground 2

In ground 2, petitioner argues that the state trial court violated his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution by refusing to remove his trial counsel and appoint new counsel after he informed the court of his irreconcilable differences with counsel.  Respondents assert that ground 2 is unexhausted to the extent it relies on the Fifth, Eighth, and Fourteenth Amendments.

1    In his fast track statement presented to the Nevada Supreme Court on appeal from the denial of

2   post-conviction relief, petitioner challenged the trial court's failure to remove trial counsel as a violation

3   of his Sixth Amendment rights under the United States Constitution.  (Exhibits to Mot. to Dismiss Ex.

4   92 at 5-15.)  Petitioner also raised this argument in his post-conviction petition presented to the trial

5   court.  (*Id*. Ex. 37 at 9.)  Therefore, ground 2 is exhausted insofar as it asserts a violation under the Sixth

6   Amendment.  Respondents are correct, however, that petitioner did not exhaust ground 2 under the Fifth,

7   Eighth, and Fourteenth Amendments.  Accordingly, ground 2 is exhausted in part and unexhausted in

8   part.

9           5. Grounds 4 and 5

10    In ground 4, petitioner asserts that state trial court violated his rights under the Fifth, Sixth,

11   Eighth, and Fourteenth Amendments to the United States Constitution by accepting his guilty pleas even

12   though they were not knowing and intelligent.  In ground 5, petitioner argues that his decision to plead

13   guilty was predicated on ineffective assistance of counsel in violation of his rights under the Fourth,

14   Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.  Respondents

15   contend that even though petitioner challenged the validity of his guilty pleas in his appeal from the

16   denial of post-conviction relief, he did not rely on federal law in so doing.

17    A claim is "fairly presented" only if a petitioner: (1) referred to specific provisions of the federal

18   constitution or federal statutes or (2) cited to federal or state case law analyzing the federal issue.

19   *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc) (holding that a federal claim can

20   be fairly presented by citation to state cases analyzing the federal issue); *Lyons v. Crawford*, 232 F.3d

21   666, 669-70 (9th Cir. 2000), *amended*, 247 F.3d 904 (9th Cir. 2001); *cf. Wilcox v. McGee*, 241 F.3d

22   1242, 1244 (9th Cir. 2001) (finding a petitioner fairly presented his federal claims in state court, where

23   he relied almost entirely on state law in state court, but concluded his argument by stating that both his

24   state and federal double jeopardy rights were violated).  However, when a petitioner fails to expressly

25   signal the federal nature of his claim, and the state cases he cites do not discuss the federal issue, he does

26   not "fairly present" his claim to a state court.  *Casey v. Moore,* 386 F.3d 896, 912 (9th Cir. 2004).  Even

1   if the cited state case without a discussion of the federal constitutional contains a citation to another state

2   case that explicitly involves the constitutional right at issue, the federal claim is not fairly presented,

3   unless the federal issue is explicitly raised in the petitioner's brief. *Id.* at 912 n. 12, n.13.

4          In his fast track statement presented to the Nevada Supreme Court on appeal from the denial of

5   post-conviction relief, petitioner argued that his guilty pleas were not voluntary, knowing, and intelligent

6   in violation of *Crawford v. State*, 117 Nev. 718, 722 (2001). (Exhibits to Mot. to Dismiss Ex. 92 at 15-

7   20.) At no point within his discussion of this issue did petitioner refer to the federal constitution or

8   indicate that his citation to *Crawford* was intended to raise a federal issue. Additionally, *Crawford* does

9   not analyze the federal dimension of a guilty plea even though it relies on cases that cite to the line of

10   Nevada cases discussing the federal constitutional issue. Because petitioner failed to signal to the

11   Nevada Supreme Court that he was challenging the nature of his guilty pleas under the federal

12   constitution, grounds 4 and 5 are unexhausted.

13                     6. Ground 3

14          In ground 3, petitioner argues that his appellate counsel on direct appeal violated his rights to

15   effective counsel under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States

16   Constitution by failing to raise petitioner's conflict with his trial counsel and trial counsel's ineffective

17   assistance. Respondents assert that petitioner did not present this claim in either his direct appeal or

18   appeal from the denial of post-conviction relief.

19          Respondents are correct that petitioner failed to adequately raise the federal constitutional issue

20   in ground 3 to the Nevada Supreme Court. But in this instance, that alone is not dispositive. Even if

21   a petitioner fails to raise a constitutional issue in a manner which a reviewing court would otherwise

22   deem sufficient, the claim is exhausted where the state court actually considered and decided the issue

23   on its own. *Sandgathe v. Maass*, 314 F.3d 371, 376-377 (9th Cir. 2002). "Where a court has in fact

24   ruled on a claim, there is no possibility of friction between the state and federal court system caused by

25   the unseemliness of a federal district court's overturning a state court conviction without the state court's

26   having had an opportunity to correct the constitutional violation in the first instance." *Id.* (internal

1   quotation marks and citation omitted).

2        Here, in his fast track statement on appeal from the denial of post-conviction relief, petitioner

3   argued that his appellate counsel on direct appeal was ineffective for failing to raise his conflicts with

4   trial counsel in appealing his conviction.  (Exhibits to Mot. to Dismiss Ex. 92 at 14.)  Petitioner cited

5   to *Franklin v. State*, 110 Nev. 750, 877 P.2d 1058 (1994).  *Franklin* does not discuss a federal

6   constitutional issue, and petitioner did not indicate in his fast track statement that he sought to raise a

7   federal claim.  However, in its order of affirmance, the Nevada Supreme Court addressed petitioner's

8   argument that his appellate counsel was ineffective.  (Exhibits to Mot. to Dismiss Ex. 97 at 1-2.)  The

9   Nevada Supreme Court reached the merits of petitioner's argument and  in rejecting the argument, cited

10  to *Strickland v. Washington*, 466 U.S. 688 (1984), which provides the federal standard for claims of

11  ineffective assistance of counsel under the Sixth Amendment to the United States Constitution.  (*Id*. at

12  2.)  In so doing, the Nevada Supreme Court considered and decided petitioner's right to effective

13  assistance of counsel under the Sixth Amendment to the United States Constitution.  Accordingly,

14  ground 3 is exhausted.

15            7. Grounds 6-10

16        Grounds 6-10 allege violations arising under the Fifth, Sixth, Eighth, and Fourteenth

17  Amendments to the United States Constitution.  In ground 6, petitioner argues that the trial erred by

18  accepting his guilty plea without conducting an examination with respect to a "package deal."  In ground

19  7, petitioner contends that trial counsel was ineffective by failing to investigate the case and confer with

20  him about the facts, legal issues, and defense theories.  In ground 8, petitioner argues that trial counsel

21  was ineffective at sentencing.  In ground 9, petitioner argues that insufficient evidence was presented

22  at his preliminary hearing to bind him over for burglary, conspiracy to commit burglary, and burglary

23  tools.  In ground 10, petitioner contends that police detectives offered false and misleading testimony

24  at the grand jury hearing.

25        As correctly argued by respondents, none of these grounds were presented to the Nevada

26  Supreme Court either on direct appeal or on appeal from the denial of post-conviction relief.  Thus,

9

1    grounds 6-10 are unexhausted.

2    **III.  Petitioner's Options Regarding Unexhausted Claims**

3           A federal court may not entertain a habeas petition unless the petitioner has exhausted available

4    and adequate state court remedies with respect to all claims in the petition.  *Rose v. Lundy*, 455 U.S. 509,

5    510 (1982).  A "mixed" petition containing both exhausted and unexhausted claims is subject to

6    dismissal.  *Id.*  In the instant case, the court finds that all claims in the petition, except the Sixth

7    Amendment claim concerning the failure of the trial court to remove trial counsel and appoint new

8    counsel in ground 2, and the ineffective assistance of counsel claim in ground 3, are unexhausted.

9    Because the Court finds that the petition is a "mixed petition," containing both exhausted and

10   unexhausted claims, petitioner has these options:

11          1.      He may submit a sworn declaration voluntarily abandoning the unexhausted
                    claims in his federal habeas petition, and proceed only on the exhausted claims;
12
             2.      He may return to state court to exhaust his unexhausted claims, in which case his
13                   federal habeas petition will be denied without prejudice; or

14          3.      He may file a motion asking this court to stay and abey his exhausted federal
                    habeas claims while he returns to state court to exhaust his unexhausted claims.
15
     *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315
16
     F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).[2]
17
             Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief
18
     from this court, will result in his federal habeas petition being dismissed.  Petitioner is advised to
19
     familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C.
20
     § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he
21
     makes regarding his petition.
22

23

24   _____

25          [2]  The court notes that petitioner requests a stay and abeyance under *Rhines v. Weber*, 544 U.S.
     269 (2005), in his opposition to respondents' motion to dismiss.  Because petitioner must make a
26   showing that "good cause" justifies a stay and abeyance under *Rhines*, the court denies petitioner's
     request without prejudice at this time so that he may tailor his argument for a stay, if he chooses to make
     one, to the unexhausted claims identified in this order.

### III.  Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss the petition (ECF No. 15) is **GRANTED in part, and DENIED in part**, as follows:

1.  The Sixth Amendment claim concerning the failure of the trial court to remove trial counsel and appoint new counsel in ground 2 is exhausted.

2. The ineffective assistance of counsel claim in ground 3, alleging that appellate counsel failed to raise on appeal petitioner's conflict with his trial counsel and trial counsel's ineffective assistance, is exhausted.

3.  The remainder of the petition is unexhausted.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)** inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; **OR (2)** inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.  If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief.  The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

1    **IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time

2  permitted, this case may be dismissed.

3    Dated this 26th day of July, 2011.

4

5    _____

6    UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26