1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| EARNEST JORD GUARDADO, | ) | |
| | ) | |
| Petitioner, | ) | 3:10-cv-00079-RCJ-VPC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| E.K. McDANIEL, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | / | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.  On July 26, 2011, this Court entered an order granting in part and denying in part respondents' motion to dismiss.  (ECF No. 26).  The Court concluded that two claims, one in Ground Two and one in Ground Three, were exhausted, but that the remainder of the petition was unexhausted.  (*Id.*).  Because the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner was given these options:

      1.    He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

      2.    He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

1    3.    He may file a motion asking this court to stay and abey his exhausted federal
          habeas claims while he returns to state court to exhaust his unexhausted
2         claims.

3   *Id.*, at p. 10; *see Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005);

4   *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

5        Petitioner moved for a stay and abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005).  By

6   order filed March 14, 2012, the Court denied petitioner's motion for a stay and abeyance, finding that

7   petitioner had not show good cause for a stay and abeyance.  (ECF No. 31).

8        Petitioner has filed a motion for reconsideration of the Court's order denying his motion for a

9   stay and abeyance, or in the alternative, a motion to dismiss the federal petition without prejudice.

10  (ECF No. 32).  Respondents have filed an opposition to petitioner's motion.  (ECF No. 33).

11  Petitioner filed a reply.  (ECF No. 34).

12       Where a ruling has resulted in final judgment or order, a motion for reconsideration may be

13  construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure

14  59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b).  *School Dist. No. 1J*

15  *Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236

16  (1994).  Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for

17  the following reasons:

18            (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
              discovered evidence which by due diligence could not have been
19            discovered in time to move for a new trial under Rule 59(b); (3) fraud
              (whether heretofore denominated intrinsic or extrinsic),
20            misrepresentation, or other misconduct of an adverse party; (4) the
              judgment is void; (5) the judgment has been satisfied, released, or
21            discharged, or a prior judgment upon which it is based has been
              reversed or otherwise vacated, or it is no longer equitable that the
22            judgment should have prospective application; or (6) any other reason
              justifying relief from the operation of the judgment.
23
         Motions to reconsider are generally left to the discretion of the trial court.  *See Combs v. Nick*
24
    *Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987).  In order to succeed on a motion to reconsider,
25

26
                                                    2

1  a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its

2  prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal.

3  1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of

4  the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be

5  filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P.

6  59(e) "should not be granted, absent highly unusual circumstances, unless the district court is

7  presented with newly discovered evidence, committed clear error, or if there is an intervening change

8  in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v.*

9  *Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999). Federal courts have determined that there are four

10  grounds for granting a Rule 59(e) motion: (1) the motion is necessary to correct manifest errors of

11  law or fact upon which the judgment is based; (2) the moving party presents newly discovered or

12  previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4)

13  there is an intervening change in controlling law. *Turner v. Burlington Northern Santa Fe R. Co.*,

14  338 F.3d 1058 (9th Cir. 2003).

15      In the instant case, this Court denied petitioner's motion for a stay and abeyance under *Rhines*

16  *v. Weber*, 544 U.S. 269 (2005), finding that petitioner had not shown good cause for his failure to

17  previously exhaust his claims in state court. (ECF No. 31). In his motion for reconsideration,

18  petitioner has not identified any mistake, intervening change in controlling law, or other factor that

19  would require vacating the judgment. Petitioner has not shown that manifest injustice resulted from

20  dismissal of the action. Petitioner also has not presented newly discovered or previously unavailable

21  evidence. Petitioner has failed to make an adequate showing under either Rule 59(e) or Rule 60(b)

22  to justify granting his motion for reconsideration.

23      The Court denies petitioner's motion for reconsideration of the order denying a *Rhines* stay

24  and abeyance. However, petitioner's motion for reconsideration was presented as a motion, in the

25  alternative, to dismiss the federal petition without prejudice. (ECF No. 32). The second option

26

3

offered by this Court regarding the mixed petition in its order of July 26, 2011 was: "He [petitioner] may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice." (ECF No. 26, at p. 10).  This option is allowed pursuant to the holding of *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

      **IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration (ECF No. 32) is **DENIED.**

      **IT IS FURTHER ORDERED** that this habeas action is **DISMISSED WITHOUT PREJUDICE.**

      **IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

      Dated this 11th day of March, 2013.

_____
UNITED STATES DISTRICT JUDGE